IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 11-125 |
| | ) |
| JAMES F. BRUMBERG | ) |

MEMORANDUM AND ORDER OF COURT

On March 19, 2013, defendant James F. Brumberg appeared before this court and change his previously entered plea of not guilty to guilty to a one-count Indictment charging him with possession of child pornography in violation of 18 U.S.C. §2252(a)(4)(B). On that same date, defendant was sentenced to time served as of March 19, 2013, at 12:00 p.m., to be followed by a 15-year term of supervised release with a condition of 18 months of home detention. The court imposed additional conditions of supervised release, including one that prohibited defendant from having a computer in his residence, and further prohibited him from using or accessing a computer or other electronic device that has access to the internet. See Additional Supervised Release Terms, Condition No. 11, set forth in this court's Judgment dated March 19, 2013 (the "March 2013 Judgment") (Document No. 100).

Following defendant's sentencing hearing, the court conducted additional research regarding computer-related supervised release restrictions for child pornography offenders. Because the court concludes that it clearly erred in imposing an overly broad computer restriction upon defendant, the court will correct that

condition of the supervised release portion of his sentence as authorized by Federal Rule of Criminal Procedure 35(a).

According to Rule 35(a), within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical or other clear error. A 1991 Amendment to Rule 35 explains that the authority to correct a sentence under this rule is intended "to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action." See Fed.R.Crim.P. 35, Advisory Committee Notes. The Advisory Committee Notes recognize that the court could *sua sponte* make the correction. Id.

Our review of Third Circuit case law addressing what constitutes appropriate computer-related supervised release conditions for child pornography offenders confirms that this court committed clear error in imposing upon defendant a condition that prohibits him from having a computer in his residence and further prohibits him from using or accessing a computer or other electronic device that has access to the internet. The law of our Circuit is clear that such an overly broad restriction would not be upheld and almost certainly would result in remand to this court for further action.

In United States v. Albertson, 645 F.3d 191 (3d Cir. 2011), the Third Circuit synthesized its case law on supervised release conditions restricting computer and internet usage for child pornography offenders, noting that its prior decisions yield three

AO 72
(Rev. 8/82)

themes. First, a complete ban on computer and internet use rarely will be sufficiently tailored to the factors under 18 U.S.C. §3553(a). Id. at 197. Second, "a complete ban on internet access, except with prior approval of probation, may be permissibly imposed temporarily on those offenders who have used or have clearly demonstrated a willingness to use the internet as a direct instrument of physical harm." Id. The Albertson court explained, for example, that bans proscribing internet access for a certain period of time have been upheld in cases involving offenders who used the internet to solicit, communicate with or abuse a minor in connection with child pornography offenses. Finally, where the child pornography offense does not involve a "live" component (i.e., direct involvement or communication with a victim via the internet), the district court should consider whether a tailored internet limitation is feasible. Id. at 198.

Building from these three themes, the Third Circuit has identified four factors for assessing whether a supervised release condition is overbroad. See Albertson, 645 F.3d at 198. Those four factors are: (1) the scope of the condition with respect to substantive breadth; (2) the scope of the condition with respect to its duration; (3) the severity of the defendant's criminal conduct and the facts underlying the conviction, particularly whether he used a computer or the internet to solicit or personally endanger children; and (4) the interplay between prison time and the term of supervised release, meaning that the proportion of a supervised release restriction to the total period

of restriction, including prison time, is relevant.  Id.

Applying these factors to defendant's case, we first note that the condition imposed by the court which prohibits defendant from having a computer in his residence, and further prohibits him from using or accessing a computer or other electronic device that has access to the internet, is a sweepingly broad restriction in terms of both substantive breadth and with respect to the 15-year duration of supervised release.  Under Third Circuit law, this restriction is too broad unless defendant has used the internet as an instrument of harm.  See Albertson, 645 F.3d at 198.  Here, defendant was convicted of possessing child pornography; he did not use a computer and the internet to communicate with a child for the purpose of soliciting sexual contact.  While defendant committed a serious offense, his use of the internet to access, view and possess child pornography "poses a danger that differs in both kind and degree" from those who demonstrate a willingness to use the internet as a means for arranging sexual encounters with minors.  Id. at 199, quoting, United States v. Miller, 594 F.3d 172, 188 (3d Cir. 2010).

We should note that defendant's sentence of time served as of March 19, 2013, suggests that the 15-year term of supervised release is reasonable.  See Albertson, 645 F. 3d at 198, 199 (finding that imposition of a longer term of supervised release to follow a relatively shorter term of imprisonment is proper). However, the prohibition against having a computer in his residence and using or accessing a computer or other electronic

device that has access to the internet is overbroad and too restrictive under Third Circuit law. As our appellate court has recognized, "such a ban renders modern life - in which, for example, the government strongly encourages taxpayers to file their returns electronically, where more and more commerce is conducted on-line, and where vast amounts of government information are communicated via website - exceptionally difficult." Albertson, 645 F.3d at 199, quoting, United States v. Holm, 326 F.3d 872, 878 (7th Cir. 2003).

In contrast to the overly broad computer and internet prohibition originally imposed by the court, the computer usage and monitoring conditions regularly suggested by our Probation Office in child pornography possession cases are narrowly tailored and reasonable because they permit computer and internet usage, but prohibit defendant from accessing child pornography and require defendant to submit his computer to inspections and allow the installation of monitoring equipment. See Albertson, 645 F.3d at 200 (finding that inspections, coupled with the installation of monitoring software, are reasonable methods of enforcing a more targeted internet restriction).

For reasons explained above, the court finds it necessary to correct its clear error as authorized by Federal Rule of Criminal Procedure 35(a) by vacating the overly broad computer and internet restriction set forth in Condition No. 11 of the Additional Supervised Release Terms imposed by the March 2013 Judgment, and replacing it with the following conditions:

AO 72
(Rev. 8/82)

11. Defendant is permitted to possess and/or use a computer and is allowed access to the Internet. However, defendant is not permitted to use a computer, or other electronic communication or data storage devices, including a cell phone, to access child pornography or to communicate with any individual or group for the purpose of promoting sexual relations with children or accessing child pornography. Defendant shall consent to the installation of any hardware/software to monitor any computer or other electronic communication or data storage devices used by defendant to confirm his compliance with this condition. Defendant shall pay the monitoring costs as directed by the probation officer. Furthermore, defendant shall consent to periodic unannounced examinations by the probation officer of any computers, cell phones, or other electronic communication or data storage devices that defendant has access to, to confirm his compliance with this condition. Additionally, defendant shall consent to the seizure and removal of hardware and data storage media for further analysis by the probation officer, based upon reasonable suspicion of a violation of the conditions imposed in this case, or based upon reasonable suspicion of unlawful conduct by defendant. Defendant's failure to submit to the monitoring and/or search of computers and other electronic communication or data storage devices used by defendant may be grounds for revocation.

12. Defendant shall provide the U.S. Probation Office with accurate information about his entire computer system (hardware/software) and other electronic communication or data storage devices or media to include all passwords used and the name of the Internet Service Provider(s). Defendant also shall abide by the provisions of the Computer Restrictions and Monitoring Program approved by the court.

An appropriate order will follow.

O R D E R

AND NOW, this 27th day of March, 2013, for the reasons set forth in the memorandum above, the court finds it necessary to correct its clear error as authorized by Federal Rule of Criminal Procedure 35(a) by vacating the overly broad computer and internet restriction imposed upon defendant by Condition No. 11 of the Additional Supervised Release Terms set forth in the court's Judgment dated March 19, 2013 (the "March 2013 Judgment") (Document No. 100). Accordingly, IT IS ORDERED that Condition No. 11 as originally imposed in the March 2013 Judgment is vacated and replaced with the following conditions:

> 11. Defendant is permitted to possess and/or use a computer and is allowed access to the Internet. However, defendant is not permitted to use a computer, or other electronic communication or data storage devices, including a cell phone, to access child pornography or to communicate with any individual or group for the purpose of promoting sexual relations with children or accessing child pornography. Defendant shall consent to the installation of any hardware/software to monitor any computer or other electronic communication or data storage devices used by defendant to confirm his compliance with this condition. Defendant shall pay the monitoring costs as directed by the probation officer. Furthermore, defendant shall consent to periodic unannounced examinations by the probation officer of any computers, cell phones, or other electronic communication or data storage devices that defendant has access to, to confirm his compliance with this condition. Additionally, defendant shall consent to the seizure and removal of hardware and data storage media for further analysis by the probation officer, based upon reasonable suspicion of a violation of the conditions imposed in this case, or based upon reasonable suspicion of unlawful conduct by defendant. Defendant's failure to submit to the monitoring and/or search of computers and other electronic communication or data storage devices used by defendant may be grounds for revocation.

12. Defendant shall provide the U.S. Probation Office with accurate information about his entire computer system (hardware/software) and other electronic communication or data storage devices or media to include all passwords used and the name of the Internet Service Provider(s). Defendant also shall abide by the provisions of the Computer Restrictions and Monitoring Program approved by the court.

All other terms and conditions of the March 2013 Judgment remain the same as originally imposed and remain in full force.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Carolyn Bloch
Assistant U.S. Attorney

Marketa Sims
Assistant Federal Public Defender

Federal Bureau of Prisons
United States Marshal
United States Probation